[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11828
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cr-00004-DHB-WLB-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WHITNEY T. WITTMER,
a.k.a. Tanya,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 18, 2013)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Whitney T. Wittmer appeals her 24-month sentence, imposed above the applicable Sentencing Guidelines range of 10 to 16 months, after pleading guilty to one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j).  We affirm.

I.

From approximately September 2011 to April 2012, Wittmer and five other individuals illegally engaged in the business of selling firearms without a license. Wittmer personally participated in the sale of two firearms.  On December 15, 2011, Wittmer provided a rifle to a codefendant, Terryon Norris, who sold the rifle to confidential informants.  Wittmer's three-year-old son and newborn daughter were present during the transaction.  On another occasion, before April 26, 2012, Wittmer stole a firearm from Amber Meeks and sold that firearm to Norris for $75.

A federal grand jury subsequently charged Wittmer with conspiracy to engage in the business of dealing in firearms without a license, in violation of 18 U.S.C. §§ 371 and 922(a)(1), and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j).  Following her initial appearance, Wittmer was granted a $20,000 unsecured bond.  She later pled guilty to possession of a stolen firearm, pursuant to a written plea agreement.

While on pretrial release, Wittmer violated several of her bond conditions. She changed residences without permission on multiple occasions, and she tested

2

positive for marijuana and cocaine use.  Wittmer also avoided her presentence interview several times, and she lied to probation officers about having employment, taking drugs, and being on jury duty.

At sentencing, the district judge determined an upward variance was warranted, based on Wittmer's failure to understand the seriousness of the offense, her multiple lies to probation officers, the need to afford adequate deterrence, and the need to provide her with rehabilitation.  The judge imposed a sentence of 24 months of imprisonment, above the applicable Guidelines range of 10 to 16 months.

## II.

On appeal, Wittmer argues her 24-month sentence is unreasonable.  She contends the district judge did not consider her arguments in mitigation, but considered unknown impermissible factors and factors already considered in the Sentencing Guidelines.  Wittmer further argues her 24-month sentence creates a sentencing disparity between similarly situated defendants and is longer than necessary to achieve the goals of sentencing.  Finally, she asserts the court did not provide adequate reasons for the upward variance.

We review the reasonableness of a sentence deferentially for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).  This "deferential abuse-of-discretion standard" applies regardless

3

of whether the sentence is "inside, just outside, or significantly outside the Guidelines range." *Id.* at 41, 128 S. Ct. at 591. In evaluating a sentence for reasonableness, we examine the sentence in light of the "totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* at 51, 128 S. Ct. at 597.

The district judge must impose sentences that are "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2).[1] In imposing a particular sentence, the judge also must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

_____

[1] A district judge, however, "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Tapia v. United States*, 564 U.S. ___, 131 S. Ct. 2382, 2393, 180 L. Ed. 2d 357 (2011). Wittmer does not argue the judge imposed or lengthened her sentence for the sole purpose of providing her with treatment or vocational training; consequently, she has abandoned that argument. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (recognizing that an appellant abandons a claim not raised plainly and prominently in the initial brief).

When considering the § 3553(a) factors, the district judge need not discuss each of them individually. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient." *Id.* In addition, the "weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (citation and internal quotation marks omitted).

A district judge, who sentences outside the Guidelines range, should explain why the variance is appropriate in the particular case. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009). While extraordinary justification is not required, *Gall*, 552 U.S. at 47, 128 S. Ct. at 595, the "justification for the variance must be sufficiently compelling to support the degree of the variance," *United States v. Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc) (citation and internal quotation marks omitted). In imposing a variance, a district judge may consider conduct a probation officer had considered in calculating the defendant's Guidelines range. *See United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008) (holding that, although defendant's previous offenses were part of the Guidelines calculation, those offenses fit squarely into the history and characteristics factor of § 3553(a)(1) and properly could be considered by the judge); *see also United States v. Amedeo*, 487 F.3d 823, 833-34 (11th Cir. 2007)

5

(concluding it was not error for the district judge to rely on factors in imposing a variance that had been considered in imposing an enhancement).

We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (citation and internal quotation marks omitted). We "may not presume that a sentence outside the guidelines is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 1187 (citation and internal quotation marks omitted). The burden of establishing the sentence is unreasonable, considering both the record and the § 3553(a) factors, is on the party challenging the sentence. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Wittmer has not met her burden of establishing her 24-month sentence is unreasonable. *Id.* Contrary to her argument, the district judge did not consider any impermissible factors on which she relies. Nothing in the record suggests the judge considered unknown facts; the judge based Wittmer's sentence on the presentence investigation report. In addition, the judge considered Wittmer's arguments in mitigation and noted they were "appealing." The judge was permitted to rely on factors already considered by the Sentencing Guidelines when

imposing the upward variance, such as Wittmer's bond violations. *Williams*, 526 F.3d at 1324.

The district judge also provided adequate reasons for imposing the upward variance and recognized Wittmer had "thumbed her nose at the processes of the court," had lied to probation officers, and had a total disregard for the rules of society. The judge determined a variance was required to provide an appropriate sentence, to provide rehabilitation, and to "make any sort of example for this conduct." Finally, Wittmer has not identified a similarly situated defendant who was given a lesser sentence; therefore, her sentencing-disparity argument fails. Accordingly, Wittmer's 24-month sentence is reasonable.

**AFFIRMED.**